By the Court,
Cowen, J.
Whether the mortgages were invalid in respect to bona fide purchasers, is a question that need not be discussed. They were at any rate good as between the defendant and the mortgagees. The plaintiff might, I admit, as a bona fide purchaser, have successfully contested the claim of the mortgagees; but the defendant has no right to insist on his doing so. The defence against the claim of a mortgagee on the ground of being a bona fide purchaser, is, in all cases, a matter of right strictly personal to such purchaser, and never can be thrown upon him by the mortgagor as matter of obligation. To this effect there are many cases very strong in principle; I think much stronger than the present. A man innocently becomes surety in a usurious obligation, and takes a counter security from his principal; the former may waive his defence of usury, pay the money, and recover against the latter. (Basset Prowe’s case, 2 Leon. 166; Robinson v. May, Cro. Eliz. 588; Gouldsb. 174, S. C.; Button v. Downham, Cro. Eliz. 643, Noy’s Rep. 73, S. C., nom. Dowman v. Butter.) In Noy, Walmesly is made to say, “ so if the surety had been an infant, and had not pleaded nonage.” Take it that this would not be so when the surety knows of the usury and neglects to plead it: the judge was not here requested to dispose of the case on any such qualification, but to decide, that simply because the plaintiff was a bona fide purchaser, he should therefore *657 have defended. The plaintiff might well have been ignorant of the circumstances upon which the mortgagees’ claims stood» It was enough to see that their claims were good as against the mortgagor; and, being on good consideration, that they were valid, notwithstanding a continued possession, in the mortgagor.
But the cases go farther. It has been held that a defence under the statute of frauds, on the ground that a collateral contract to pay was by paroi, is personal to the guarantor, and he is not bound to avail himself of it as a defence, for the benefit of a third person. (Cahill v. Bigelow, 18 Pick. 369.) Again ; a man having a lien may waive it, and is not bound to insist upon it for the benefit of the general owner, who has sold the goods to another. (Barrow v. West, 23 Pick. 270.)
In the case before us, the obligation to indemnify arises out of the defendant’s fraud. His call upon the plaintiff, therefore, to litigate for his benefit, comes with much less reason than if, as in the cases cited, he were defending against a mere innocent contract of indemnity.
I am of opinion that the motion for a new trial should be denied.
New trial denied.